CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 31, 2014

LETTER TO COUNSEL:

      RE:    *Tracy Chandler v. Commissioner, Social Security Administration*;
             Civil No. SAG-12-2712

Dear Counsel:

On September 11, 2012, the Plaintiff, Tracy Chandler, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 14). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the opinion of the Administrative Law Judge, and remand the case for further consideration. This letter explains my rationale.

Ms. Chandler filed her claims for benefits in 2008. (Tr. 109-22). At her hearing, she amended her disability onset date to December 31, 2007. (Tr. 29, 160). Her claims were denied initially and on reconsideration. (Tr. 60-69, 73-76). A hearing was held on February 16, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 27-53). Following the hearing, on March 3, 2011, the ALJ determined that Ms. Chandler was not disabled during the relevant time frame. (Tr. 14-26). The Appeals Council denied Ms. Chandler's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Chandler suffered from the severe impairments of blindness in the left eye with a total chronic retinal detachment and phthisis bulbi, left eye, and, since September 1, 2009, depression. (Tr. 19). Despite these impairments, the ALJ determined that, since September 1, 2009, Ms. Chandler retained the residual functional capacity ("RFC") to:

> perform work at all exertional levels but with the following nonexertional limitations: avoid work around dangerous machinery or unprotected heights; avoid work requiring bilateral vision and good depth perception; and has moderate difficulties in social functioning and moderate difficulties in concentration, persistence or pace resulting in being limited to performing unskilled tasks involving no more than occasional contact with co-workers, supervisors or the public.

(Tr. 20-21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Chandler could perform jobs existing in significant numbers in the national economy,

and that she was not therefore disabled. (Tr. 25-26).

Ms. Chandler presents four primary arguments on appeal: (1) the ALJ did not provide an adequate function-by-function analysis, (2) that the ALJ erred in considering the opinion from the state agency physician; (3) that the ALJ needed to provide a more detailed mental RFC assessment; and (4) that the ALJ did not adequately consider the opinion of the psychiatric consultative examiner, Dr. Merrion. Ms. Chandler's first three arguments lack merit. However, I concur that the ALJ generally provided inadequate analysis regarding Ms. Chandler's mental impairment, particularly given the sparse evidence of record. Accordingly, I remand for further analysis and, if necessary, development of the record. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Chandler is not entitled to benefits was correct or incorrect.

Turning first to the unsuccessful arguments, Ms. Chandler presents a continuously recycled argument that this Court has rejected many times, suggesting that the ALJ failed to provide a function-by-function narrative discussion of her RFC. Pl. Mot. 6-8. In fact, however, the ALJ provided approximately a four-page written narrative on her RFC alone, in which he summarized Ms. Chandler's hearing testimony, made a credibility determination, reviewed both the treatment records and the opinion evidence, and noted observations from the hearing. (Tr. 20-24). Ms. Chandler's boilerplate argument is therefore inapplicable in this case.

Next, Ms. Chandler contends that the ALJ failed to evaluate properly the opinions of the state agency physician, Dr. Woods. Ms. Chandler is correct that Dr. Woods checked multiple "moderate limitations" in Section I of his opinion, and that the ALJ did not include all of those limitations in his RFC assessment or his hypothetical. (Tr. 375-76). However, the relevant portion of a physician's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510060 ("Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment."). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations. *See, e.g., Andrews v. Astrue*, Civil No. SKG–09–3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Moreover, the ALJ adequately addressed the limitations found in Dr. Woods's Section III functional capacity assessment. The ALJ limited Ms. Chandler to unskilled work with no more than occasional contact with others, (Tr. 21), which is consistent with Dr. Woods's Section III conclusions.[1] (Tr. 377).

---

[1] Whether or not Dr. Woods's conclusions can be determined to be premised on valid evidence is discussed below. However, any error does not lie in the failure to discuss the "moderate limitations" in Section I of Dr. Woods's report.

Ms. Chandler's third argument is that the ALJ failed to provide a "more detailed" assessment of her capacity to perform the mental demands of work while assessing her RFC. Pl. Mot. 8-11. Ms. Chandler's argument consists entirely of boilerplate, with the exception of the contention that the ALJ failed to include a discussion of the items described in Section I of Dr. Woods's report. That argument is flawed as described above. Ms. Chandler provides no analysis of how any "more detailed" assessment might have resulted in a different outcome.

I agree, however, that the ALJ's analysis of Dr. Merrion's consultative examination report is deficient in light of the other evidence of record. First, it bears noting that the only substantive mental health information in the record consists of (1) Dr. Merrion's report and (2) the reports written by non-examining state agency physician Dr. Woods after reviewing Dr. Merrion's report. Dr. Merrion opined, in relevant part, that Ms. Chandler "can do simple and repetitive tasks irregularly and inconsistently due to being depressed and therefore lacking in sufficient motivation. Her attendance would be sporadic because of depression." (Tr. 356). In contrast, Dr. Woods, who reviewed only Dr. Merrion's report due to the lack of any other prior psychiatric history, did not address the issue of attendance. (Tr. 373, 377). Instead, Dr. Woods found "mild to moderate limitations in areas dealing with continuity of performance" and found that "the claimant retains the capacity to perform work-related tasks from a mental health perspective." (Tr. 377). It is unclear how Dr. Woods drew those conclusions after reviewing only Dr. Merrion's report, which reached the opposite determination. The ALJ did not address the inconsistency between the reports and did not apparently feel that another consultative examination was warranted, even after rejecting the only consultative examination in the record. In light of the inconsistencies, I cannot find that Dr. Woods's report constitutes substantial evidence on which the ALJ can rest his conclusions. I therefore remand for the ALJ to fulfill his duty of explanation and, if he deems it necessary, to pursue additional evidence by way of consultative examination to either confirm or refute Dr. Merrion's findings.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 12 and 14) will be DENIED. The opinion of the Administrative Law Judge is VACATED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge